IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID G. EVANS,

      Plaintiff,

v.                                                                       Case No.: 3:06-cv-544/RV/MD

BRUCE A. McDONALD and THE
FLORIDA PROBATE LAW FIRM, P.A.,
d/b/a STATEWIDE PROBATE,

      Defendants.
_____/

**ORDER**

This case involves allegations of legal malpractice. The defendants, Bruce A. McDonald and The Florida Probate Law Firm, P.A., d/b/a Statewide Probate, move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (doc. 14). The plaintiff, David G. Evans, opposes that motion.

**I.     Background**

The following facts are taken from the defendants' statement of undisputed facts. These facts can be stated briefly, and, to the extent they have not been controverted by the plaintiff, they are undisputed and "deemed to be admitted." See N.D. Fla. Loc. R. 56.1(A).[1]

In early 2003, the plaintiff hired attorney McDonald to probate the will of the plaintiff's late uncle. The parties entered into a written retainer agreement by which McDonald agreed to perform four specific probate-related services. Under the will, the plaintiff's spouse, Cathy Evans, was to receive $25,000, and the plaintiff was

---

[1] The plaintiff did file a "Statement of Material Facts --- Genuine Issues for Trial" (doc. 21), but he did not challenge any of the above facts in that pleading.

to receive the remainder of the estate, which included two apartment buildings and other assets. The plaintiff does not contend that McDonald and his firm improperly handled the probate administration of the estate. That is, Cathy Evans received the $25,000 bequest, the plaintiff received the remainder of the estate, and the estate was then properly closed.

At some point during the probate process, the plaintiff expressed frustration at having to go through probate to receive his inheritance. Before his uncle's death, the plaintiff had received a power of attorney from his uncle, and he thought the power of attorney would allow him to avoid probate. After his uncle died, he discovered that the power of attorney was no longer valid. The plaintiff asked McDonald what could be done to prevent his wife from having to similarly go through probate to inherit or receive title to the apartment buildings should he later predecease her. In response to this inquiry, McDonald advised the plaintiff of a few different options, including having the plaintiff take title to the property jointly with his wife. The plaintiff has not identified any evidence that McDonald urged, or even recommended, that the plaintiff share his interest in the property with his wife. That was merely one of the options that was discussed. Eventually, the plaintiff received title to the buildings as part of his uncle's estate and he asked McDonald to prepare a quitclaim deed to both parcels, which he did. The deed transferred the property from the plaintiff, in his individual capacity, to himself and his wife, as tenants by the entireties. Other than answering the plaintiff's question about whether the quitclaim deed would indeed be effective to avoid probate, McDonald did not advise the plaintiff of other possible legal consequences of joint ownership. Years later, the plaintiff and his wife divorced. The plaintiff contends in this case that the decision to title the real estate jointly with his former spouse "had significant consequences in [the] subsequent divorce" settlement and distribution of the marital assets.

**II.     Standard of Review**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). On summary judgment, the record evidence and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non-moving party. National Fire Ins. Co. of Hartford v. Fortune Const. Co., 320 F.3d 1260, 1267 (11th Cir. 2003).

**III.    Discussion**

McDonald moves for summary judgment on several grounds. He first argues that there is no evidence that he committed any acts of legal malpractice as alleged in the complaint. Second, and relatedly, he argues that the record is devoid of any evidence from which a reasonable jury could conclude that he breached the prevailing standard of care because, *inter alia*, the plaintiff has failed to support his claims with expert testimony. McDonald next argues that there is no evidence that the alleged malpractice was the proximate cause of any financial loss to the plaintiff. And lastly, he argues that the claim is barred by the applicable statute of limitations.

Upon careful review of the pleadings and all other pertinent materials on file, and taking the facts in the light most favorable to the plaintiff, I find that there is no genuine issue as to any material fact and that summary judgment is appropriate. I agree with McDonald that the plaintiff cannot establish malpractice in this case

without expert testimony (of which there is none). Therefore, on that basis alone, summary judgment is appropriate. I also find his proximate cause and statute of limitations arguments meritorious as well, but I do not believe it is necessary to set out a complete analysis in light of the other basis for summary judgment. Equally important and more fundamental than that, I find that no reasonable jury could possibly find in favor of the plaintiff on the facts presented. The record is clear that it was the plaintiff's wish and intent that his wife receive title to the real property, and that she receive title to that property while he was still living so that she would immediately own the property at his death. It was simply not legal malpractice for McDonald to prepare a quitclaim deed at the plaintiff's request (ironically enough, so the plaintiff could <u>help</u> his wife in the future), without first advising him of the possible consequences should they later divorce.

### IV.  Conclusion

For the above reasons, the defendants' motion for summary judgment (doc. 14) is hereby GRANTED. The Clerk is directed to enter judgment in favor of the defendants, together with taxable costs.

DONE and ORDERED this 10th day of March, 2008.

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**